SARAH HUNT *vs.* RUSSELL HOTCHKISS *et als.*

*Dower—what is sufficient demand, of agent.*

A claimant of dower, being in possession of the land, occupying it for her own benefit under a contract made with the owners by a third person, the owners being out of the state and having within the state a general agent to care for and protect their interests in said land, may make a demand upon said agent sufficient to enable her to maintain her action for dower and for damages.

ON REPORT.

ACTION OF DOWER, in which, by agreement, the question of damages only was submitted to the jury, the facts upon which a legal issue was made being reported for the action of the court.

The verdict was for $55.60, damages for the detention. The only question was as to the sufficiency of the demand of dower. Hotchkiss Brothers & Company, the tenants, reside and do business in New Haven, Connecticut. In January, 1862, they recovered judgment against the firm of W. R. and W. H. Hunt, doing business in Maine, the senior member of which resided in Liberty in this county, and was the demandant's husband. An execution for $2679.34, issued upon this judgment, was levied upon the premises in question then in the possession of W. R. Hunt, and a writ of entry was brought to recover the same of him, by the judgment creditors, in which they prevailed, in 1869. William R. Hunt died June 20, 1872, upon the estate, having paid rent therefor to Joseph Williamson, Esq., who was the attorney of Hotchkiss Brothers & Company in the litigation aforesaid and their agent to take care of the property, and collect the rents,—

from the date of the levy. After her husband's death, Mrs. Hunt, his widow, continued to reside in the same place, paying rent to Mr. Williamson as before, till May 17th, 1873, when he notified her to vacate the premises.

The demand of dower was served upon Mr. Williamson a seasonable time before this suit was commenced, the writ in which was also served upon him. The demand was made some time in September, 1872, while Mrs. Hunt was still in occupation of the property, and the writ dated September 4, 1873.

*H. & W. J. Knowlton* for the demandant.

*Joseph Williamson* for the tenants.

DANFORTH, J.   This is an action of dower, and the only question raised is as to the sufficiency of the demand. No objection is made as to its form or substance, but it is claimed that it was not made upon the right person. The defendants are conceded to be the owners of the land in which dower is claimed, and to be residents out of the state.

It is, however, contended that, at the time of the demand, one William H. Hunt was a tenant in possession within the meaning of the statute, and upon him the demand should have been made. But an examination of the testimony reported, satisfies us that, though he paid the rent from time to time, and though the defendants might have had a legal claim upon him therefor, by virture of a contract with him, he was not in possession of the premises, but whatever he did in this respect, was done for and in behalf of this demandant, who was in fact in possession and occupying the premises for her own benefit. This possession she had continued from the death of her husband, who had occupied them in the same way for some years previous to his decease.

This would seem to present a case not contemplated by the statute, which provides that the demand shall be made, "of the person who is, at the time, seized of the freehold, if in the state; otherwise, of the tenant in possession." The claimant being in possession could not with propriety make the demand upon her-

self. No principle of law would allow the same person, at the same time, to act in two opposing capacities. The statute evidently contemplates a demand made by one person upon another occupying a somewhat antagonistic position, with interests really inconsistent. If the case stopped here, it might be that the plaintiff would be compelled to resort to her common law remedy, in which no demand would be necessary, and perhaps no damages recoverable. But the case does not stop here. It shows that the demand was made upon Joseph Williamson, who in respect to this land was the agent and representative of the owners, to collect the rents, look after the tenants, and in general to care for and protect their interests in relation to it. The defendants, though not residing within the state, as respects this land, were here by their representative. It will be noticed that the statute does not require a residence but simply a presence. No valid reason has been, or (as we think) can be given, why this presence may not be by an agent, as well as personal. Ordinarily, what a man can do by himself, he can do by another. This is only the converse of the proposition, that what he does by another, he does by himself. It cannot be doubted that if the defendants, residing out of the state, had been found within it, a sufficient demand could have been made upon them. If under such circumstances they could have been the recipients of a valid demand, there would seem to be no good reason why they might not confer that power upon another; or why a general agency would not be sufficient for that purpose, at least in the absence of any other person upon whom the necessary demand could be made. In respect to this land the agent is the representative of his principals. They do not reside in the state, nor so far as appears are they here personally, but they are here by their representative.

This view is analagous to the principle adopted in *Russell, et als. v. Hook*, 4 Maine, 372, which was a case involving the validity of a levy and an execution upon real estate. The debtor was absent from the county and an appraiser was chosen by an agent upon notice given by the officer. This was treated as sufficient,

though perhaps not necessary to the decision of the case. In the case of levies notices are required very much as demands in dower, and in each case the statute is alike silent as to the authority of agents. If the agency is valid in one case it must be in the other; and we think it may be in either.

As provided in the report, there must be judgment for the demandant for her dower, with damages as found by the jury, $55.60, and interest from the finding of the verdict.

*Judgment for the demandant.*

APPLETON, C. J., DICKERSON, VIRGIN, PETERS and LIBBEY, JJ., concurred.